UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAURA BERRY and STEVE BERRY,

    Plaintiffs,

v.

PIERCE COUNTY,

    Defendant.

CASE NO. C16-5868BHS

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFFS' LEAVE TO AMEND THE COMPLAINT

This matter comes before the Court on Defendant Pierce County's ("County") motion to dismiss for failure to state a claim (Dkt. 6). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 1, 2016, Plaintiffs Laura and Steve Berry ("Berrys") filed a complaint against the County in Thurston County Superior Court for the State of Washington. Dkt. 1, Exh. A ("Comp.").

On October 11, 2016, the County removed the matter to this Court. Dkt. 1.

ORDER - 1

On October 18, 2016, the County filed the motion to dismiss. Dkt. 6. On November 28, 2016, the Berrys responded. Dkt. 11. On December 2, 2016, the County replied. Dkt. 12.

## II. FACTUAL ALLEGATIONS

Mr. Berry is a corrections officer at the County Jail. Comp., ¶ 3.1. On December 29, 2014, inmate Aaron Leigh filed a complaint against Mr. Berry alleging that Mr. Berry assaulted him. *Id*. The Berrys allege that "Mr. Leigh has a violent history, including the shooting of a police officer, numerous drug and firearm related offenses and numerous threats to kill law enforcement officers and their families." *Id*., ¶ 3.2.

Subsequent to the dismissal of the suit against Mr. Berry, Mr. Leigh filed a public records request. *Id*., ¶ 3.3. Although Mr. Berry alleges that he was informed of the request as well as the fact that he would be provided with an opportunity to review any material before it was produced, the County produced material to Mr. Leigh without allowing Mr. Berry any review. *Id*., ¶¶ 3.9, 3.10. The Berrys allege further that:

> On January 25, 2016, Plaintiff Stephen Berry was provided with a copy of what had been released to Mr. Leigh. Within a short time, Plaintiff Stephen Berry discovered that not only had his private information been released to Mr. Leigh, but also the private information of his wife, Plaintiff Laura Berry. Included in the private information were such disclosures as their private residence address, social security numbers, Driver's License Numbers, home and work phone numbers, and places of employment for both. All such information had been delivered to such address as Mr. Aaron Leigh had directed.

*Id*., ¶ 3.11. In producing this information, the Berrys assert that the County violated state and local statutes and the Berrys' federal and state constitutional rights. *Id*., ¶ 5.1.

## III. DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. When deciding a motion to dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

In this case, the Court agrees with the County that the Berrys' claims fails to identify sufficient facts to state claims. Regarding the federal claim, the Berrys assert that the "release of Plaintiffs' confidential information by Defendant acting under color of law constitutes a deprivation of Plaintiffs' right of privacy, in violation of 42 USC 1983." Comp., ¶ 5.1(h). This claim fails for numerous reasons, including the fact that the County must act through an individual employee. *See*, *e.g.*, *Hanigan v. City of Kent*, C06-176JLR, 2006 WL 3544603, at *6 (W.D. Wash. Dec. 8, 2006). The Berrys may only recover from the County if their injury was inflicted pursuant to city policy, regulation, custom, or usage. *See Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690–91 (1978). The Berrys' claim does not include sufficient allegations to meet

even these threadbare elements of their claim.  Moreover, the Berrys' brief argues a state-created danger claim, Dkt. 11 at 15, but the complaint is silent on this issue.  Thus, the County is entitled to dismissal of the federal claim.

Regarding the state law torts, the Berrys' claims, as currently stated, also fail.  The Court agrees with the County that the complaint alleges nothing more than a negligent release of information.  On the other hand, the Court agrees with the Berrys that discovery may uncover additional information to support these intentional torts and that the Berrys are not "privy" to the "inner workings of the county's record review and disclosure mechanisms . . . ." Dkt. 11 at 15.  Complaints, however, must either allege sufficient information to state valid claims or should be amended once discovery establishes the basis for additional claims.  If the Berrys believe they have sufficient information to allege an intentional act by a County employee, then they should allege such an act.  Otherwise, they should proceed on a negligence theory.  Accordingly, the Berrys' claims for the intentional torts of invasion of privacy and outrage fail to state a claim.

Regarding the state and county statutory violations, the County argues that it is entitled to immunity.  No cause of action exists against the County as long as it acted in "good faith" in attempting to comply with the public records act.  RCW 42.56.060.  The County argues that the Court should consider and analyze this immunity similar to federal qualified immunity.  Dkt. 12 at 1–4.  While the Court has doubts that the Washington legislature intended state statutory immunity to be similar to federal constitutional immunities, the County raised the majority of these arguments in its reply

brief, which precluded an adequate response from the Berrys. Regardless, the issue need not be addressed at this time because the Berrys failed to allege any breach of good faith or that the County did not "attempt" to comply with the statute. Accordingly, the Court grants the County's motion on this issue.

Regarding the state constitutional claim, the Berrys concede that no cause of action exists. Dkt. 11 at 10. Thus, the Court grants the County's motion on this claim.

Finally, "dismissal is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980). The only claim that could absolutely not be cured by amendment is the state constitutional claim. Thus, the Court dismisses that claim with prejudice. Otherwise, the Court grants the Berrys leave to amend their complaint.

## IV. ORDER

Therefore, it is hereby **ORDERED** that County's motion to dismiss for failure to state a claim (Dkt. 6) is **GRANTED** and the Berrys are **GRANTED** leave to amend. The Berrys shall file an amended complaint no later than February 3, 2017.

Dated this 24th day of January, 2017.

BENJAMIN H. SETTLE
United States District Judge